J. Franklin McElwain v. Commissioner. Mary B. McElwain v. Commissioner.
McElwain v. Commissioner
Docket Nos. 110033, 110442.
United States Tax Court
1942 Tax Ct. Memo LEXIS 8; 1 T.C.M. (CCH) 333; T.C.M. (RIA) 42675; 12/28/1942
*8 Gift tax: Valuation of stock: "Blockage." - Gifts of blocks of 3,000, 3,000 and 6,800 shares of stock in the Melville Shoe Corporation held to have had a value of $27.50 per share on December 12, 1940, despite the fact that the mean between the highest and lowest prices for which the stock sold on the stock market on that day was $29.50 per share. The market at the time of the gift was "thin" and uncontradicted testimony showed that to attempt to sell all the stock on the market at one time would depress the market considerably and that to have it sold through wholesalers would require them to sell it to the wholesalers at a price $2 per share below the market price. Allison L. H. Newton, Esq., 220 Devonshire St., Boston, Mass., for the petitioners. T. G. Histon, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined deficiencies in gift tax for the year 1940 in the amount of $928.13 as to J. Franklin McElwain and $3,031.87 as to Mary B. McElwain. On December 12, 1940, J. Franklin McElwain made a gift to a trust of 3,000 shares of the common stock of Melville Shoe Corporation and on the same date Mary B. McElwain made two gifts to certain *9 trusts in the respective amounts of 3,000 and 6,800 shares of the common stock of Melville Shoe Corporation. Petitioners returned the gifts at a value of $27.50 per share. The respondent fixed a value of $29.50 per share, using the mean between the highest and lowest stock market sales on the date nearest the date of the gifts. The only question submitted is the valuation of certain stock, it being contended by petitioners that blocks of stock of the size in question could not have been sold on the retail market without seriously depressing the price. The law on this subject was stated in , as follows: "As well as any controverted question of administrative law may be settled without declaration by the Supreme Court, it is established that the size of a block of listed stock may be a factor to be considered in its valuation for gift or estate tax purposes," citing a long line of cases. The value of listed stock is a fact to be established by the evidence. The quotation on the given day is an important, but not necessarily a conclusive, item of evidence. If the record shows that by reason of a "thin *10 market" or other circumstances a block of the size in question could not have been sold through normal channels by sales on the market without seriously depressing the price, this fact becomes important. The uncontradicted testimony of wellqualified witnesses is that there was a "thin market" in Melville Shoe Corporation common stock, the sales for the first eleven days of December 1940 showing seven sales of 100 shares each, three sales of 200 shares each, and one sale of 300 shares. The sales for the week of December 14 to December 20, 1940, aggregated 1,600 shares. The testimony of a witness thoroughly familiar with the market history of Melville Shoe Corporation stock was that an offering of a block of 3,000 shares would have depressed the market from two to three points and an offering of a block of 6,800 shares would have depressed the price five to six points. The testimony goes further and establishes that the normal and most satisfactory and economical way to market this stock would be through a wholesale house, the charges incident thereto approximating $2 per share. There is thus presented the same picture as confronted the Circuit Court of Appeals for the Seventh Circuit *11 in , where the Court quotes with favor from the Board of Tax Appeals in the same case, as follows: * * * Petitioners have presented the uncontradicted testimony of qualified witnesses familiar with the problem of disposing of stock of this character in blocks of this size, from which it is quite evident that such disposal could not have been effected except at so-called wholesale price, by an arrangement for the underwriting of the disposal of the sale of stock which would have entailed an expense netting a price below that possible to have been secured for small blocks of stock through market sales at retail. We are satisfied that in the premises here existing the stock of the Melville Shoe Corporation was correctly valued by petitioners at $27.50 per share, and we so find. Decision will be entered for the petitioners.